# United States District Court
# Central District of California
# Western Division

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MORGAN CODY, *et al.*,

    Defendants.

CR 91-00216-WJR-TJH-1

Order

    The Court has considered Defendant Morgan Cody's motion for a sentence reduction based on compassionate release, together with the moving and opposing papers.

    On August 2, 1991, after a jury trial, Cody was convicted of: (1) Two counts of possession with the intent to distribute cocaine, in violation of 21 U.S.C. § 841; (2) Two counts of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922; and (3) Two counts of using or possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). On September 18, 1999, District Judge Robert Timlin sentenced Cody to: (1) A mandatory life term for the two counts of possession with intent to distribute cocaine; (2) 15 years for the two felon in possession counts, to run concurrently; (3) 5 years on the first § 924(c) count, to run

consecutively; and (4) 20 years on the second § 924(c) count, to run consecutively. Cody is, currently, serving his sentence at United States Penitentiary, Atwater ["Atwater"], in Atwater, California.

On February 7, 2020, the warden of Atwater denied Cody's request for compassionate release.

Cody, now, moves for a sentence reduction based on compassionate release.

The First Step Act, Pub. L. 115-391, 132 Stat. 5194 ["First Step Act"], sought, *inter alia*, to increase the use and transparency of compassionate release by allowing defendants who have fully exhausted their administrative remedies to seek compassionate relief from the District Court. Administrative remedies are exhausted after the defendant requests the Bureau of Prisons ["BOP"] to initiate a motion for release on the defendant's behalf and the BOP has either denied the request or failed to respond to the request within 30 days. *See* 18 U.S.C. § 3582(c)(1)(A). Here, Cody's motion is exhausted and, therefore, ripe for decision.

If the Court finds that extraordinary and compelling reasons warrant a sentence reduction and that the defendant is not a danger to the community, the Court may, after considering the factors set forth in 18 U.S.C. § 3553, reduce the defendant's sentence. 18 U.S.C. § 3582(c)(1)(A). Extraordinary and compelling reasons include, *inter alia*: (1) A terminal illness; (2) A serious medical condition, from which the defendant is not expected to recover, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility; or (3) The defendant is at least 65 years old, is experiencing a serious deterioration in physical or mental health because of the aging process, and has served at least 10 years or 75% of the imposed sentence. *See* United States Sentencing Guidelines § 1B1.13.

Cody argued that he is entitled to a sentence reduction because: (1) The First Step Act amended the sentencing scheme under § 924(c) so that the 25 year consecutive terms for successive § 924(c) convictions no longer apply; and (2) Cody is, now, 72 years old and suffers serious deterioration in his physical health because of his severe

osteoarthritis and cataracts.

A change in the law is not an extraordinary and compelling reason to justify relief. *See* United States Sentencing Guidelines § 1B1.13. As to his arguments regarding his health, Cody failed to set forth an extraordinary and compelling reason to warrant a sentence reduction. Further, even if, *arguendo*, he had set forth an extraordinary and compelling reason, after considering, *inter alia*, the § 3553 factors and the seriousness of Cody's offenses, the Court would decline to exercise its discretion to reduce his sentence for compassionate release.

Accordingly,

𝔄𝔱 𝔦𝔰 𝔒𝔯𝔡𝔢𝔯𝔢𝔡 that the motion for a sentence reduction be, and hereby is, 𝔇𝔢𝔫𝔦𝔢𝔡.

Date: June 16, 2020

_____
Terry J. Hatter, Jr.
Senior United States District Judge